RECEIVED
IN LAKE CHARLES, LA

MAY 12 2006

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| PLUMBERS & STEAMFITTERS LOCAL 106 | : | DOCKET NO. 04 CV 1190 |
| VS. | : | JUDGE MINALDI |
| JACOB'S PLUMBING & HEATING, INC. | : | MAGISTRATE JUDGE WILSON |

### MEMORANDUM ORDER

Plaintiffs, Plumbers and Steamfitters Local 106 Pension Fund, Plumbers and Steamfitters Local 106 Health and Welfare Fund, Plumbers and Steamfitters Local 106 Direct Contribution Fund ("DCF"), Plumbers and Steamfitters Local 106 Education and Training Fund, and Plumbers and Steamfitters Local 106, brought this action against Jacob's Plumbing and Heating, Inc. ("Jacob's") on June 1, 2004.

On May 3, 2005, after entry of default by the Clerk of Court, Plaintiffs requested that the court confirm the default and enter judgment against Jacob's for failure to plead or otherwise defend this action pursuant to Federal Rule of Civil Procedure 55(a).

Plaintiffs assert violations of the Employee Retirement Income Security Act of 1974 ("ERISA") as amended 29 U.S.C. § 1001 *et seq.* Plaintiffs allege that Jacob's violated the parties' collective bargaining agreements, the trust agreements, and ERISA by failing, refusing, or neglecting to submit contribution reports and to pay contributions as required. Plaintiffs contend that they are entitled to all unpaid contributions and penalties pursuant to § 502(g)(2) of ERISA,

29 U.S.C. § 1145, as well as the following pursuant to 29 U.S.C. § 1132(g)(2):

>  (1) interest and liquidated damages on any and all unpaid contributions
>  (2) reasonable attorney's fees and costs
>  (3) an audit, plus the cost of same
>  (4) any other legal or equitable relief deemed appropriate by the court

By a July 28, 2005 order of this court [doc. 15], Plaintiffs were ordered to submit the collective bargaining agreements and all other relevant contracts in order to determine the obligations of the parties. Plaintiffs have since complied with the court's request and the motion to confirm is now ripe for consideration.

## DEFAULT JUDGMENT STANDARD

Rule 55(a) of the Federal Rules of Civil Procedure states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules...the clerk shall enter the party's default." Once this has occurred, "the party entitled to a judgment by default shall apply to the court therefor."Fed.R.Civ.P. 55(b)(2).

The clerk's entry of default causes all well-pleaded allegations of fact to be deemed admitted. *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir.1975). The court must accept these facts as true and determine whether they state a claim upon which relief may be granted. *Id*; see also *Progressive Gulf Ins. Co. v. Tallaha Loggers, Inc.* 2006 WL 839470, 2 (N.D.Miss.) (N.D.Miss.,2006). If the court determines that default judgment can be granted, the court then turns to the issue of damages. "If, in order to enable the court to enter judgment... it is necessary to take an account or to determine the amount of damages...the court may conduct such hearings or order such references as it deems necessary and

proper..."Fed.R.Civ.P. 55(b)(2).

## DISCUSSION

Plaintiff, Plumbers and Steamfitters Local 106 ("Local 106") is a "labor organization" under 29 U.S.C. § 125(5) domiciled in Lake Charles, Louisiana. Plaintiffs, Plumbers and Steamfitters Local 106 Health and Welfare Fund (the "Welfare Fund") and Plumbers and Steamfitters Local 106 Education and Training Fund (the "Training Fund") are "employee Welfare Benefit Plans" as defined in § 3(1) of ERISA as amended, 29 U.S.C. § 1002(1). Plaintiffs, Plumbers and Steamfitters Local 106 Pension Fund (the "Pension Fund") and Plumbers and Steamfitters Local 106 Direct Contribution Fund (the "DCF") are "Employee Pension Benefit Plans" as defined in § 3(2) of ERISA as amended, 29 U.S.C. § 1002(2)(a)(I). Jacob's is a private employer domiciled in Lake Charles, Louisiana.

Pursuant to two collective bargaining agreements executed on November 1, 1999, and June 1, 2002 respectively,[1] Jacob's agreed to submit monthly contributions to the Welfare,[2]

---

[1] *See November 1, 1999 Plumbers & Steamfitters Local Union 106 Lake Charles, Louisiana and Vicinity Building and Construction Trades Branch Agreement*, ("November 1, 1999 Agreement"), attached as Exhibit 2-A to Plaintiffs' motion; *See also June 1, 2002 Plumbers & Steamfitters Local Union 106 Lake Charles, Louisiana and Vicinity Building and Construction Trades Branch Agreement*, ("June 1, 2002 Agreement"), attached as Exhibit 2-B to Plaintiffs' motion.

[2] Article IV states,"The employer shall contribute to a Health and Welfare Fund the sum of Two Dollars ($2.00) per hour for each employee covered by this Agreement..." *See* June 1, 2002 Agreement, Art. IV, ¶ 8; see also *Wage and Benefit Increase Letters* attached as part of Exhibit 2-B (Included within the June 1, 2002 Agreement were a series of wage increases scheduled to take place bi-annually on June 1 and January 1 of each year from 2002 to 2007. Prior to each wage increase, the Local 106 voted on the amount of the increase due as additional contributions to the various funds. Ultimately, by June 1, 2005, Employer contributions had increased to $4.35 for the Welfare Fund.).

Pension,[3] DCF[4] and Training Funds[5] based on the monthly amounts earned by its employees, and further to withhold and pay over dues to Local 106 on behalf of authorizing members.[6]

The collective bargaining agreements also bind Jacob's to the terms of the Funds' Plans and Declarations of Trust[7] which in turn require contributing employers to file the monthly remittance reports from which the employers calculate the amounts owed to the Funds. Jacob's defaulted on these obligations by failing to pay contributions owed from June, 2003 forward.

Having reviewed the evidence now in the record, and having determined that Jacob's was bound by the terms of the collective bargaining agreements between the parties, IT IS ORDERED that Plaintiffs' motion to confirm default and entry of default judgment is GRANTED on the issue of liability, leaving the amount of damages, costs, and attorney's fees to

---

[3] Article V states,"The employer shall contribute to a Pension Trust Fund, the sum of One Dollar and Sixty Cents ($1.60) per hour for each employee covered by this Agreement..." *See* June 1, 2002 Agreement, Art. V, ¶ 13. see also *Wage and Benefit Increase Letters* attached as part of Exhibit 2-B (By June 1, 2005, Employer contributions had increased to $2.60 for the Pension Fund).

[4] Article VI states,"The employer shall contribute to a Defined Contribution Fund, the sum of Fifty Four Cents ($.54) per hour for each employee covered by this Agreement..." *See* June 1, 2002 Agreement, Art. VI, ¶ 18. see also *Wage and Benefit Increase Letters* attached as part of Exhibit 2-B (By June 1, 2005, Employer contributions had increased to $0.94 for the DCF).

[5] Article VII states,"The employer shall contribute to a Education Trust Fund, the sum of Thirty Nine Cents Cents ($.39) per hour for each employee covered by this Agreement..." *See* June 1, 2002 Agreement, Art. VII, ¶ 23.

[6] For employees who submit a "Wage Deduction Authorization" form, the Employer "shall deduct working dues in the amount of Two percent (2%) of gross pay and remit said amounts thus withheld to [Local 106]." *See* June 1, 2002 Agreement, Art. IX, ¶ 32.

[7] *See* June 1, 2002 Agreement, Art. IV, ¶ 11; Art. V, ¶ 16; Art. VI, ¶ 21; Art. VII, ¶ 26. ("the Employer agrees to be bound by...the terms and conditions of the Trust Agreements establishing [the Welfare, Pension, DCF and Training] fund[s] and the rules and regulations heretofore and hereafter adopted by the Trustees pursuant to such Trust Agreement[s]...").

be determined at a later date.

IT IS FURTHER ORDERED that Jacob's immediately permit an audit of its payroll and records so that the amount of any and all delinquent contributions and penalties owed to Plaintiffs can be assessed.

Lake Charles, Louisiana, this 12 day of May, 2006.

PATRICIA MINALDI
UNITED STATES DISTRICT COURT